IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UVALDO NEVAREZ,

    Petitioner,                    No. 2:09-cv-0829 FCD JFM P

    vs.

A.K. SCRIBNER,                      ORDER AND

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 16, 2009, this court issued findings and recommendations, recommending that the instant action be dismissed as duplicative of Case No. 2:98-cv-2452 GEB JFM P. On May 8, 2009, petitioner filed objections. Good cause appearing, the findings and recommendations will be vacated.

        The instant petition was filed with the court on March 24, 2009. Petitioner challenges his conviction for one count of second degree murder and four counts of attempted second degree murder. The court's own records reveal that on December 29, 1998, petitioner filed a petition challenging the same conviction.[1] (No. 2:98-cv-2452 GEB JFM P).[2]

---

[1] Although the instant petition states petitioner was convicted in 1993, and the previous application states he was convicted in 1994, both petitions challenge his conviction for one count

1

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). A claim presented in a second or successive petition under § 2254 that was presented in a prior habeas petition "shall be dismissed." 28 U.S.C. § 2244(b). A claim presented in a second or successive petition under § 2254 that was not presented in a prior habeas petition "shall be dismissed" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, even with respect to claims that were not presented in a prior habeas petition and otherwise satisfy the above requirements, a petitioner may not file a second or successive petition in this court without first obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). As explained by the Supreme Court, this requirement:

> creates a "gatekeeping" mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.

---

of second degree murder and four counts of attempted second degree murder. Both petitions reference the California Supreme Court's July 26, 1995 denial of his petition for review.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333 (1996); see also Nevius v. McDaniel, 104 F.3d 1120, 1121 (9th Cir.1996) (discussing procedures for obtaining authorization to file second or successive petition from Ninth Circuit); Nunez v. United States, 96 F.3d 990, 991 (7th Cir.1996) (holding that district court must dismiss second or successive petition unless court of appeal gave approval for its filing).  This Court must dismiss any second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.1997), cert. denied, 519 U.S. 1102, 117 S.Ct. 794 (1997).

       A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S.Ct. 1595 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45, 118 S.Ct. 1618 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

       Here, petitioner previously filed a federal habeas petition challenging his conviction and sentence, which petition was dismissed as time-barred in 2000.  Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits.  Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003)(dismissal of prior petition as time-barred was an adjudication on the merits that deprived court of jurisdiction over his successive habeas petition).  See also Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir.1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 201 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir.1999) (explaining that "for res judicata purposes a dismissal on statute

of limitations grounds can be treated as a dismissal on the merits.")  A dismissal based on untimeliness under the statute of limitations bars further review of the action.  Therefore, because the prior petition was adjudicated as time-barred under the statute of limitations, it is considered a dismissal "on the merits," and the instant petition is a "second or successive petition" under § 2244(b).

Petitioner asserts that the instant petition is not second or successive because it raises a new claim not raised in the earlier federal habeas petition.  As noted above, even if petitioner raises a new claim, he still must apply to the Court of Appeals for the Ninth Circuit before filing a second federal habeas petition challenging the same conviction and sentence as were challenged in the prior federal habeas petition.  See 28 U.S.C. § 2244(b)(3).  Petitioner's citation to Slack v. McDonald, 120 S.Ct. at 1605-06, is unavailing inasmuch as the Slack court addressed a motion to dismiss based on a failure to exhaust administrative remedies, rather than a district court's finding that the initial habeas petition was time-barred.

This court lacks jurisdiction to consider the instant petition.  Accordingly the petition should be dismissed without prejudice to petitioner's filing a proper application for consideration of a second or successive petition in the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

In accordance with the above, IT IS HEREBY ORDERED that the April 16, 2009 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time

4

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; neva0829.suc